IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | NO. 02-CV-4650 |
| v. | : : : | |
| PHK SERVICES, INC.<br>    d/b/a and t/a McCabe Construction and<br>    d/b/a and t/a PHK Services | : : : : | |
| Defendant | : | |

**MOTION FOR JUDGMENT BY DEFAULT BY THE COURT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)
AGAINST DEFENDANT PHK SERVICES, INC. d/b/a and t/a McCABE
CONSTRUCTION and d/b/a and t/a PHK SERVICES**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Interior Finish Contractors Association of Delaware Valley Industry Advancement Program, Carpenters Political Action Committee of Philadelphia and Vicinity ("Welfare Fund", "Pension Fund", "Savings Fund", "Apprentice Committee", "NAHS", "IAP", "PAC" and collectively "Funds"), Metropolitan Regional Council of Carpenters of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("Union" and jointly with Funds, "Plaintiffs"), Edward Coryell and Kimberly Wetzel, respectfully move this Court pursuant to Fed. R. Civ. Pro. 55(b) to enter default judgment in favor of the Funds and against Defendant, PHK Services, Inc. d/b/a and t/a McCabe Construction and d/b/a and t/a PHK Services for injunctive relief, including, but not limited to an audit and submission of all overdue

109996-1

remittance reports and accompanying contributions and for unpaid contributions, liquidated damages, statutory interest and attorneys' fees and costs in the amount of $3,251.58 pursuant to 29 U.S.C. §1132(g)(2).

In support of this Motion, the Plaintiffs rely upon the allegations in their Complaint, the Declaration of Piotr Tonia[1], and the Declaration of Richard J. DeFortuna, Esquire[2].

The grounds for this Motion are as follows:

1. Prior to the commencement of this action, the Funds attempted to resolve this dispute and schedule a contribution compliance audit in an amicable manner.

2. An audit was not granted. On July 12, 2002 the Complaint in this matter was filed. The Complaint was served upon Defendant on August 18, 2002, as appears from the Affidavit of Service which was filed on August 20, 2002.

3. No Answer or responsive pleading was filed and on January 20, 2003, Plaintiffs filed a Request to Clerk to Enter a Default pursuant to Fed. R. Civ. Pro. 55(a).

4. Defendants are neither infants nor incompetent persons.

---

[1] The Declaration of Piotr Tonia ("Tonia Declaration") is attached to this Motion as Exhibit 1. The Documents referred to in the Tonia Declaration are attached to this Motion as Exhibits 2 and 3.

[2] The Declaration of Richard J. DeFortuna, Esquire ("DeFortuna Declaration") is attached to this Motion as Exhibit 4. The Document referred to in the DeFortuna Declaration is attached to this Motion as Exhibit 5.

WHEREFORE, Plaintiffs seek the following relief:

(a) Enter Judgment as provided in the attached Order.

(b) That the Court may grant such other and further legal or equitable relief as may be necessary or appropriate.

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.

By:    s/RICHARD J. DeFORTUNA
        SANFORD G. ROSENTHAL (ID NO. 38991)
        RICHARD J. DeFORTUNA (ID NO. 86260)
        The Penn Mutual Towers, 16th Floor
        510 Walnut Street
        Philadelphia, PA 19106
        (215) 351-0611
        (215) 351-0674

        Attorneys for Plaintiffs

Date: February 24, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | NO. 02-CV-4650 |
| v. | : : | |
| PHK SERVICES, INC.<br>   d/b/a and t/a McCabe Construction and<br>   d/b/a and t/a PHK Services | : : : : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR JUDGMENT BY DEFAULT UNDER FEDERAL
RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANT
PHK SERVICES, INC. d/b/a and t/a McCABE CONSTRUCTION
and d/b/a and t/a PHK SERVICES**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Interior Finish Contractors Association of Delaware Valley Industry Advancement Program, Carpenters Political Action Committee of Philadelphia and Vicinity ("Welfare Fund", "Pension Fund", "Savings Fund", "Apprentice Committee", "NAHS", "IAP", "PAC" and collectively "Funds"), Metropolitan Regional Council of Carpenters of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("Union" and jointly with Funds, "Plaintiffs"), Edward Coryell and Kimberly Wetzel, by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default.

Defendant PHK Services, Inc. d/b/a and t/a McCabe Construction and d/b/a and t/a PHK Services ("PHK") is party to collective bargaining agreements ("Labor Contracts") with Plaintiff,

109996-1

Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("Union"). (See Tonia Declaration, ¶8).

The Labor Contracts provide for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Labor Contracts. (See Tonia Declaration, ¶¶5, 8; Exhibit 2, at Articles 2, 5, 10, 16, 17, 19, and 22 and Exhibit 3, at Articles 2, 5, 10 16, 17 and 19).

The Labor Contracts require that these contributions must be received by the Funds no later than the tenth (10th) day of the month following the month in which the work was performed. (Exhibit 2, at Article 5, 16, 17 and 19, Exhibit 3 at Articles 5, 16, 17 and 19). Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds. (Exhibits 2 and 3 at Article 19).

Under the terms and conditions of the Labor Contracts, Company agreed to produce, upon request from the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning their contributory obligation to the Funds. (Exhibit 2, Article 19, section 11, Exhibit 3 at Article 19, section 11)

The Funds' records reveal that Defendant has not submitted all of the contractually-required remittance reports and refuse to submit to an audit of their books and records (See Tonia Declaration, ¶9).

Prior to commencement of this lawsuit, the Funds attempted to resolve the matter amicably. Defendant, however has failed to submit the requested remittance reports, have not remained current with their fringe benefit contributions, and have not submitted to a contribution compliance audit. As a result, this lawsuit was instituted against Defendant on July 12, 2002.

109996-1                                     2

Service of the Complaint and Summons was made on Defendant on August 18, 2002. Defendant did not file an Answer or other responsive pleading within 20 days of service, and on January 20, 2003, Plaintiffs filed a Request to the Clerk to Enter Default pursuant to Fed. R. Civ. Pro. 55(a).

## ARGUMENT

A.  **ENTRY OF JUDGMENT AGAINST DEFENDANT FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

PHK is party to or otherwise bound to Labor Contracts with the Union. (See Exhibits 2; Exhibit 3, Tonia Declaration, ¶8). Pursuant to the express provisions of the Labor Contracts, Defendant is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees on a monthly basis. (See Tonia Declaration, ¶¶ 5, 9; Exhibit 2 at Articles 2, 5, 10, 16, 17, 19 and 22; Exhibit 3 at Articles 2, 5, 10, 16, 17 and 19).

The Labor Contracts also obligate Defendant to pay these contributions by the tenth (10th) day of the month following the month in which the monies are accrued. (See Exhibit 2 at Articles 5, 16, 17 and 19; Exhibit 3 at Articles 5, 16, 17 and 10). In addition, the Labor Contracts state that an employer shall be liable to pay, in addition to the principal sums, 10% liquidated damages due the Funds. (Exhibits 2 and 3 at Article 19, section 5). Further, PHK is obligated to submit a contribution compliance audit and make available to the designated representative of the Funds records for such. (See Tonia Declaration, ¶9 Exhibit 2, Exhibit 3, at Article 19, section 11).

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively- bargained

agreement shall...make such contributions in accordance with...such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). If a judgment under Section 515 is entered in the Funds' favor, then Section 502(g)(2) provides for the mandatory award of the following:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of —

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the Court deems appropriate.

PHK's failure to comply with its contractual and statutory obligations results in a substantial adverse impact on the Funds' ability to meet their legal obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide health and welfare benefits and pension credits to the Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(1) and (2); <u>Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, Central</u>

States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d 1122 (8th Cir. 1981). The Funds are required to provide these benefits and credits regardless of whether the Defendant makes the contributions. For example, if a covered employee of Defendant have incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expense despite not receiving contributions from the Defendants. The result is a significant drain on the resources of the Funds.

Additionally, when an employer fails to remit its contributions, the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health and welfare benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations.

Given the clear language of the Labor Contracts and obligations mandated by ERISA, this Court should not only enter judgment in the Funds' favor against Defendant, but order the Company to file complete, proper and timely remittance reports with accompanying contributions and to make available to a designated representative of the Funds all payroll books and records to determine precise amount of delinquent contributions due and owing from the period of April 1999 to date. Additionally, the Court should grant the Funds judgment, including the injunctive relief requested, in accordance with the express mandates of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

**B.   DEFENDANT SHOULD BE ORDERED TO PRODUCE THEIR RECORDS FOR AN AUDIT AND PAY ANY AMOUNTS FOUND TO BE DUE AND OWING**

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information.

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employers, the Funds have the right to review all of the employers records that relate to its contributory obligation. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Funds' auditors to review these records upon request. Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994). Here, the Labor Contracts obligate the Company to allow the audit. (See Exhibits 2 and 3 at Article 19, section 11). The scope of records subject to review is broad, and include those records the auditors reasonably deem necessary to conduct the audit. DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989). In addition to the routine payroll records (e.g. time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns. Ibid.

An audit is necessary in this case in order to ensure that the Company has submitted correct remittance reports for the correct employer, in lieu of facts demonstrating the similarity of ownership. (See Tonia Declaration, ¶¶9, 10). The employer's obligations under the Agreement and 29 U.S.C. §1145 mean nothing if the Funds' can not assure compliance through an audit. The Court

should and must order Defendant to produce its records for an audit so that a precise determination of the amount owed can be made. Upon completion of the audit, the Court should enter a further judgment against Company for all additional amounts found to be due and owing under the Agreement and ERISA.

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Plaintiffs the relief requested in this Motion for Default Judgment.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

Date: February 24, 2003     By:     s/RICHARD J. DeFORTUNA
SANFORD G. ROSENTHAL (ID NO. 38991)
RICHARD J. DeFORTUNA (ID NO. 86260)
The Penn Mutual Towers, 16th Fl.
510 Walnut Street
Philadelphia, PA 19106
(215) 351-0611/0674
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, RICHARD J. DeFORTUNA, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant was served by mailing same first class mail, postage prepaid, on the date listed below to:

> PHK Services, Inc.
> d/b/a and t/a McCabe Construction
> and d/b/a and t/a PHK Services
> 438 Leah Drive
> Fort Washington, PA  19034

s/RICHARD J. DeFORTUNA
RICHARD J. DeFORTUNA, ESQUIRE

Date: February 24, 2003

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWEING AND DOWNLOADING FROM THE ECF SYSTEM**

109996-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| Plaintiffs | : | NO. 02-CV-4650 |
| v. | : | |
| PHK SERVICES, INC.<br>    d/b/a and t/a McCabe Construction and<br>    d/b/a and t/a PHK Services | : | |
| Defendant | : | |

## ORDER AND JUDGMENT BY DEFAULT AGAINST
## DEFENDANT PHK SERVICES, INC.
### d/b/a and t/a McCABE CONSTRUCTION
### and d/b/a and t/a PHK SERVICES

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Interior Finish Contractors Association of Delaware Valley Industry Advancement Program, Carpenters Political Action Committee of Philadelphia and Vicinity ("Welfare Fund", "Pension Fund", "Savings Fund", "Apprentice Committee", "NAHS", "IAP", "PAC" and collectively "Funds"), Metropolitan Regional Council of Carpenters of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("Union" and jointly with Funds, "Plaintiffs"), Edward Coryell and Kimberly Wetzel, it appears to the Court that Defendant, PHK Services, Inc. d/b/a and t/a McCabe Construction and d/b/a and t/a PHK Services was served with process on August 18, 2002 and has inexcusably, knowingly and willfully failed to appear,

109996-1

plead or otherwise defend, and the default against said Defendant having been entered, it is ORDERED:

    1.    Judgment is entered against Defendant and in favor of each listed Plaintiff.

    2.    Defendant, its owners, officers, agents, servant, attorneys, and all persons acting on its behalf or in conjunction with Defendant, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under their collective bargaining agreement(s).

    3.    Within twenty (20) days of the entry of this Order Defendant, PHK Services, Inc. d/b/a and t/a McCabe Construction and d/b/a and t/a PHK Services shall make available to the designated representative of the Funds, all payroll books and related records of Defendant necessary for the Funds to ascertain the precise amount of delinquent contributions due and owing for the period from April 1999 to and including the date of the audit.

    4.    Plaintiffs are awarded attorneys' fees and costs through February 21, 2003 of $4,027.66 and additional attorneys' fees and costs incurred in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions and other amounts owing which may be found to be due as a result of the audit provided for in paragraphs three (3) and five (5) of this Order.

    5.    If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Final Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs

pursuant to ERISA, 29 U.S.C. §1132(g)(2).

6.  This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly or severally, or their agents.

It is further ORDERED that Judgment is entered against Defendant, PHK Services, Inc. d/b/a and t/a McCabe Construction and d/b/a and t/a PHK Services and in favor of each listed Plaintiff.

Date:_____     By:_____
    Philadelphia, Pennsylvania              Judge Anita B. Brody
                                          United States District Judge

Copies of this Default shall be sent to:

Richard J. DeFortuna, Esquire
Jennings Sigmond, P.C.
510 Walnut Street
Suite 1600
The Penn Mutual Towers
Philadelphia, PA  19106-3683

PHK Services, Inc. d/b/a and t/a
McCabe Construction and d/b/a
and t/a PHK Services
438 Leah Drive
Fort Washington, PA 19034-0000